IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY GAGER-HEINL<br>600 Stillwater Dr.<br>Deerfield, Ohio 44111 | : : : : | CASE NO. _____ |
| Plaintiff, | : : | JUDGE _____ |
| and | : : | |
| TODD HEINL<br>600 Stillwater Dr.<br>Deerfield, Ohio 44111 | : : : : | |
| Co-Plaintiff, | : : | |
| v. | : : | |
| FLYNN, KEITH & FLYNN LLC<br>P.O. Box 762<br>Kent, Ohio 44240 | : : : : | |
| Defendant. | : | |

## COMPLAINT

Now come Plaintiffs Kelly Gager-Heinl ("KGH") and Todd Heinl ("TH") (KGH and Co-Plaintiff, together, the "Plaintiffs") by and through undersigned counsel, and hereby submit the following Complaint pursuant to Federal Rules of Civil Procedure 7, 8, and 9.

## INTRODUCTION

1. Plaintiffs bring this action for damages to redress the many violations of law that occurred in Defendant's participation in unlawful and invalid assessments and liens against Plaintiffs and collection of those invalid asserted debts.

2. The Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 regulates the behavior of debt collectors who attempt to collect debts asserted to be owed. The United States

{00315787-1}

Congress has found an abundance of evidence of violations of the FDCPA, including abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that the abusive behaviors by these debt collectors contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform protections for consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of any one violation. In reviewing FDCPA complaints, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4. To prohibit deceptive and unfair practices, the FDCPA governs how debt collectors may communicate with consumers. Among these per se violations are communicating with consumers without the consumer's prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction, if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. 15 U.S.C. § 1692c(a)(2).

5. To prohibit deceptive practices, the FDCPA outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations is: making false representations concerning the character of a debt, the threat to take any action that

cannot legally be taken or that is not intended to be taken, and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *Id.*

6. To prohibit unconscionable and unfair practices, the FDCPA outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain per se violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these per se violations is: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. *Id.*

## STATEMENT OF THE PARTIES

7. Plaintiff Kelly Gager-Heinl is a natural person, and a citizen of the State of Ohio, residing in Portage County, Ohio.

8. Plaintiff Todd Heinl is also a natural person, and a citizen of the State of Ohio, residing in Portage County, Ohio.

9. Defendant Flynn, Keith, & Flynn, LLC is an Ohio limited liability company with its principal place of business in Portage County, Ohio.

## JURISDICTION AND VENUE

10. Plaintiffs herby incorporate the above-stated paragraphs as if fully restated and alleged herein.

11. Jurisdiction in this Court is based upon federal question jurisdiction pursuant to 28 U.S.C § 1331 and 15 U.S.C. 1692k(d).

12. This action is brought within the time constraints of 15 U.S.C. § 1692k(d).

13. Venue lies in this District insofar as the parties are legal residents of the State of Ohio and of this District, and a substantial part of the events giving rise to this claim occurred in this District.

## PRELIMINARY STATEMENT

14. Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated and alleged herein.

15. This matter is brought against Defendant under the FDCPA, Title 15 U.S.C. § 1692, *et seq*.

16. Defendant is a "debt collector" as defined by the FDCPA, Title 15 U.S.C. § 1692a(6), and is not exempt under Title 15 U.S.C. § 1692a(6)(A) because it used the mails with the principal purpose of collecting debts asserted to be owed or due another.

17. Plaintiffs are "consumers" as defined by the FDCPA, Title 15 U.S.C. § 1692a(3), as natural persons allegedly obligated to pay a debt.

18. The sums which Defendant has sought to collect from Plaintiffs is a "debt" as defined by the FDCPA, Title 15 U.S.C. § 1692a(5), as the amount is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money…or services which are subject to the transaction are primarily for personal, family, or household purposes…"

## FACTUAL ALLEGATIONS

19. Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated and alleged herein.

20. Plaintiffs' residence is situated in the Stillwater Condominiums located in Deerfield, Ohio, which is governed by a certain Declaration of Condominium Ownership (the

"Declarations") and certain By-Laws for the Stillwater Condominium (the "By-Laws"), both filed for record on May 7, 1998 in Volume 297, Page 683 of the Portage County, Ohio Records. See, Ex. A (the Declarations & By-Laws).

21. As unit owners within the Stillwater Condominiums, Plaintiffs are assessed and have paid the required assessments to the COA pursuant to the Declarations and By-Laws, as amended.

22. On January 21, 2021, Defendant sent a letter to Plaintiff's counsel at that time (the "Threat Letter"). See, Ex. B (the Threat Letter).

23. The Threat Letter purported to provide two "paths" for Plaintiffs to choose from: (i) immediate payment of $2,400.00 – the "conciliation" path; or (ii) the placement of a lien on Plaintiffs' property – the "enforcement" path. Ex. B, pg. 2.

24. Both "paths" offered by Defendant in the Threat Letter involve violations of the FDCPA, 15 U.S.C. § 1692.

25. Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, and legal status of the alleged debt in the Threat Letter.

26. The Threat Letter includes assessments that are not authorized by the Declarations or By-Laws, as amended, which is a violation of 15 U.S.C. §§ 1692f. See, Ex. A, Ex. B.

27. The Threat Letter also threatens collection efforts arising from a lien, notably a foreclosure sale, which is a violation of 15 U.S.C. § 1692e(4)-(5). Ex. B, pg. 2.

28. In an attempt to disgrace Plaintiffs, through its Threat Letter, Defendant alleged that Plaintiffs committed criminal conduct including trespass, which is a violation of 15 U.S.C. § 1692e(7). Ex. B, pg. 2.

29. The debt alleged by Defendant is not an amount that is expressly authorized by the Declarations or By-Laws, as amended, which is a violation of 15 U.S.C. § 1692f(1).

30. On May 10, 2021, after the Plaintiffs declined to satisfy the demands of the Threat Letter, Defendant recorded a Certificate of Lien purporting to encumber Plaintiffs' interest in their home.  See, Ex. C.

31. On June 7, 2021, Defendant issued written notice to Plaintiffs purporting to declare default and demanding that Plaintiffs "cure within 10 days all the default conditions outlined in past communications" even though Defendant's previous correspondence had not identified any "default conditions," or advised Plaintiffs of the evidence against them and/or their right to a quasi-judicial hearing, as required by the Declarations or By-Laws and/or by R.C. 5311.081.  See Ex. D.

32. On October 19, 2021, Defendant filed a civil lawsuit attempting to foreclose on the invalid Certificate of Lien they recorded in May 2021, and seeking improper declaratory and injunctive relief including the termination of Plaintiffs' interest in their primary residence, against the Plaintiffs in the Portage County Court of Common Pleas, as Case No. 2021CV00624 (the "Lawsuit"). See, Ex. E (Complaint), Ex. F (Brief in Opposition to Motion to Dismiss).

33. At no time prior to sending the Threat Letter or filing the Lawsuit did Defendant or its clients identify "costs asserted by the Association in connection with that Unit," as required by Section 9.7 of the Declarations.

34. At no time prior to sending the Threat Letter or filing the Lawsuit did Defendant or its clients give notice that an assessment against Plaintiffs would be due on a date certain, as required by Section 9.7 of the Declarations.

35. At no time prior to sending the Threat Letter or filing the Lawsuit did Defendant or its clients provide mandatory notice of Plaintiffs' opportunity for a hearing, as required by state law, specifically R.C. 5311.081(C).

36. At no time prior to sending the Threat Letter or filing the Lawsuit did Defendant or its clients provide the 10-day "written notice of the amount" of their purported assessment, as required by Section 9.8 of the Declarations.

37. The Defendant has attempted to collect asserted but invalid debts from the Plaintiffs in violation of the FDCPA, Title 15 U.S.C. § 1692.

38. By asserting improper and unfounded debt amounts and attempting to unlawfully collect inaccurate and/or invalid asserted debts, and using threats of foreclosure if Plaintiffs failed/refused to pay, Defendant, on notice of these violations for months, has failed to cease the unlawful practices described herein, and have maintained the Lawsuit against Plaintiff without legal grounds. See, Ex. F.

## FIRST CAUSE OF ACTION
### Unfair Debt Collection Practice (FDCPA, Title 15 U.S.C. § 1692)

39. Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated and alleged herein.

40. Plaintiffs are, and at all times mentioned were, the owners and in possession and control of the property located in the Stillwater Condominiums, located in Deerfield, Ohio, and governed by the Declarations and By-Laws, as amended.

41. Defendant, at all relevant times, acted or attempted to act as a debt collector.

42. Defendant attempted to collect an asserted but invalid debt from Plaintiffs.

43. Defendant threatened additional and improper debt collection activity if Plaintiffs failed to satisfy Defendant's unsupported and legally improper demands.

44. Defendant's attempted collection of invalid and/or fictitious debt violates the FDCPA, Title 15 U.S.C. 1692g(a)(4) by, *inter alia,* failing to advise the Plaintiffs that they could dispute the debt in writing, and/or that Defendant was acting as a debt collector, anywhere in the Threat Letter. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742-44 (N. D. Ill. 2003).

45. Defendant's conduct continues as of the date of the filing of this Complaint, despite being put on written notice of such violations of the FDCPA, Title 15 U.S.C. 1692.

46. As a direct and proximate result of Defendant's acts and omissions, as set forth above, and in order to punish Defendant for its outrageous and malicious conduct and to deter them from committing the same or similar acts in the future as part of their debt collection efforts, Plaintiffs are entitled to recover punitive damages in the amount to be proven at trial.

47. Pursuant to the FDCPA, the remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

48. In addition to actual damages sustained from Defendant's violations, Plaintiffs are also entitled to damages including, but not limited to, attorney's fees as a result of the Defendants' conduct of unfair debt collection and the defense of the Lawsuit, and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant and asks for actual and compensatory damages, as well as all damages available to Plaintiffs, including punitive damages and attorney's fees as a result of the Defendant's conduct, as proscribed by the FDCPA, Title 15 U.S.C. 1692.


Respectfully submitted,

SIKORA LAW LLC

_____
Richard T. Craven (0082273)
George H. Carr (0069372)
Alexander E. Goetsch (0065026)
175 S. 3rd Street, Suite 870
Columbus, Ohio 43125
(614) 444-7774 (Telephone)
(614) 444-7775 (Facsimile)
rcraven@sikoralaw.com
gcarr@sikoralaw.com
agoetsch@sikoralaw.com
*Counsel for Plaintiff Kelly Gager-Heinl*


THE GAREAU LAW FIRM CO., LPA

/s/ David M. Gareau (per email consent)
David M. Gareau (0066687)
23823 Lorain Road, Suite 200
North Olmsted, Ohio 44070
(440) 777-1500 (telephone)
(440) 777-0107 (facsimile)
Dgareau@gareaulaw.com
*Counsel for Plaintiff Todd Heinl*