UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY GAGER-HEINL, et al., | ) | CASE NO. 5:22-cv-109 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| FLYNN, KEITH & FLYNN LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Flynn, Keith & Flynn LLC ("FKF" or "defendant") to dismiss the complaint of plaintiffs Kelly Gager-Heinl ("KGH") and Todd Heinl ("TH") (collectively "plaintiffs"). (Doc. No. 10.) Plaintiffs opposed the motion (Doc. No. 11), and defendant replied (Doc. No. 12). For the reasons that follow, defendant's motion to dismiss is granted.

I. Background

Plaintiffs' residence in Stillwater Condominiums ("Stillwater"), located in Deerfield, Ohio (the "Property"), is governed by a Declaration of Condominium Ownership ("Declaration") and By-Laws ("By-Laws"), attached to the complaint as Exhibit A. (Doc. No. 1 (Complaint) ¶ 20; Doc. No. 1-1.) Plaintiffs state that they paid the required assessments to the "COA"[1] pursuant to the Declaration and By-Laws. (*Id.* ¶ 21.)

---

[1] The complaint does not define COA, but it appears from other documents attached to the complaint that the acronym refers to the Stillwater Condominium Unit Owners Association ("Association"). (*See e.g.* Doc. Nos. 1-3, 1-5.)

Plaintiffs claim that on January 21, 2021, their counsel received a "Threat Letter" ("Letter") from defendant, attached to the complaint as Exhibit B. (*Id.* ¶ 22; Doc. No. 1-2.) The Letter states that the "board" is seeking damages from plaintiffs "as a result of violations of the Association's governing documents." (Doc. No. 1-2 at 1.[2]) According to the Letter, the damages sought consist of: (1) $50.00 for a basketball hoop on common property destroyed by TH; (2) $200.00 to replace the basketball hoop on common property that was destroyed by TH; (3) $100.00 to replace steps to the gazebo removed by TH; (4) $500.00 for damages and removal of the pavilion boat dock by TH; and (5) $1,550.00 in legal fees incurred by the Association to address TH's various violations. Also identified in the Letter are non-monetary breaches of the Association's governing documents, local laws and ordinances, including accumulation of building materials on the Property and conduct by TH that disturbed the quiet enjoyment of other Stillwater residents. (*See id.* at 1–3.) The complaint describes the Letter as providing two "paths" for plaintiffs to address the monetary damages listed therein: (1) cessation of TH's conduct and payment of the monetary damages and legal fees (totaling $2,400.00); or (2) placement of a lien on the Property and collection on the lien. (*Id.* at 3.) According to the complaint, the Letter violates 15 U.S.C. § 1692 *et seq*. (Doc. No. 1 ¶¶ 23–29.)

Plaintiffs did not avail themselves of the first "path" described in the Letter and, on May 10, 2021, a certificate of lien ("Lien"), attached to the complaint as Exhibit C, was filed on the Property[3] by the Association in the amount of $850.00 for "amounts assessed as common expenses remaining unpaid" under the Declaration and $4,025.00 in attorney fees. (*See* Doc. No. 1-3.) On

---

[2] Page number references are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system, a practice recently adopted by the Court.

[3] The Lien identifies the address of the Property as 600 Stillwater Drive, Deerfield, Ohio.

June 7, 2021, defendant sent a letter to plaintiffs regarding the Lien titled "NOTICE PURSUANT TO ASSOCIATION DECLARATION AND BY-LAWS" ("Notice"), attached to the complaint as Exhibit D. (Doc. No. 1 ¶ 31; Doc. No. 1-4.) The Notice advised plaintiffs that the violations underlying the Lien "remain uncured" and provided them with 10 days to cure the defaulted conditions or the Association would begin legal proceedings to force compliance or seek a judicial sale of the Property. (Doc. No. 1-4.) On October 19, 2021, the Association filed a foreclosure action against the Property in the Portage County Court of Common Pleas, attached to the complaint as Exhibit E ("Foreclosure Action"). (Doc. No. 1 ¶ 32; Doc. No. 1-5.)

Plaintiffs claim that the Association failed to comply with the Declaration and Ohio law with respect to the sum asserted to be due, the Foreclosure Action lacks legal grounds, and defendant's attempts to collect "invalid debts" violate 15 U.S.C. § 1692. (Doc. No. 1 ¶¶ 33–38.) Based upon these facts, plaintiffs assert one cause of action against FKF—violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (*Id.* ¶¶ 39–48.) Therein, plaintiffs allege that defendant acted as a debt collector and attempted to collect an invalid debt from plaintiffs in violation of the FDCPA, 15 U.S.C. § 1692g(a)(4) by, *inter alia*, failing to advise plaintiffs that defendant was acting as a debt collector and that plaintiffs could dispute the debt. (*Id.* ¶ 44.)

Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of plaintiffs' complaint on two grounds. First, that FKF is not a "debt collector" under the FDCPA, and second, that the sum sought by the Association does not constitute "consumer debt" under the statute. (*See* Doc. No. 10 at 2.)

## II. Discussion

### A. Fed. R. Civ. P. 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to plaintiffs and accept all well-pleaded material allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A Rule 12(b)(6) motion challenges the sufficiency of the complaint, which is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 683 (citation omitted).

B. **The Fair Debt Collection Practices Act**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The statute is "extraordinarily broad" and addresses what Congress "considered to be a widespread problem[.]" *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir. 1992).

Notwithstanding the breadth of the statute, liability under the FDCPA "can only attach to those who meet the statutory definition of a 'debt collector.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *see also Estep v. Manley Deas Kochalski, LLC*, 552 F. App'x 502, 505 (6th Cir. 2014) ("The FDCPA regulates only the conduct of "debt collectors[.]"). Plaintiffs allege that FKF is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is not exempt under 15 U.S.C. § 1692a(6)(A). (Doc. No. 1 ¶ 16.)

The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails *in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another*. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include-
> \* \* \*
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor[.]

15 U.S.C.A. § 1692a(6) (emphasis added).

5

### C. Plaintiffs do not plausibly allege that FKF is a debt collector

Defendant argues that plaintiffs fail to state a plausible FDCPA claim because it is not a debt collector within the meaning of the statute. Thus, "as a threshold matter," the Court must first determine whether FKF falls within the FDCPA's definition of a "debt collector." *Montgomery*, 346 F.3d at 698.

In the complaint, plaintiffs allege that FKF is an Ohio LLC with its principal place of business in Portage County, Ohio. (Doc. No. 1 ¶ 9.) They further allege that FKF is a debt collector as defined by the FDCPA § 1692a(6) and is not exempt under § 1692a(6)(A) "because it used the mails with the principal purpose of collecting debts asserted to be owed or due another." (*Id.* ¶ 16.)

FKF argues in the motion that plaintiffs have not alleged FKF "regularly" attempts to collect consumer debt and, therefore, has not sufficiently pleaded that it is a debt collector under the FDCPA. (Doc. No. 10 at 5–6.) In a footnote, FKF points out that even if plaintiffs seek to amend their complaint to assert that FKF "regularly" attempts to collect consumer debt, they must allege a credible factual basis for such an allegation because conclusory recitals of a cause of action do not suffice to support a plausible claim for relief under *Twombly*. (*Id*. at 6 n.2.)

In response, plaintiffs did not seek to amend their complaint. Rather, they point to their allegation that FKF is a debt collector under the FDCPA "because it used the mails with the principal purpose of collecting debts asserted to be owed or due another" which, they contend, is sufficient to satisfy the statutory definition of a debt collector. (Doc. No. 11 at 2–3; *see also* Doc. No. 1 ¶ 16.) Moreover, plaintiffs argue that "in addition to the clear factual allegation that Defendant is a 'debt collector'" in paragraph 16, the Court is obligated to draw all reasonable inferences in their favor and the factual content of the complaint, Letter, Lien, and Foreclosure

Action taken together plausibly satisfies the statutory definition that FKF "regularly" engages in debt collection.[4] (Doc. No. 11 at 3–4.)

The statutory definition of debt collector under the FDCPA may be satisfied in one of two ways. Plaintiffs' argument that the complaint and attachments thereto satisfy one or both is unavailing.

### 1. Plaintiffs fail to plausibly allege that the principal purpose of FKF's business is debt collection

As an initial matter, plaintiffs' factual allegation FKF is a "debt collector" because "it used the mails with the principal purpose of collecting debts asserted to be owed or due another" (Doc. No. 1 ¶ 16) misconstrues the statute with respect to the "principal purpose" aspect of the definition of a debt collector. The relevant portion of the statute provides that a "debt collector" is: "any person who uses any instrumentality of interstate commerce or the mails *in any business the principal purpose of which is the collection of any debts*[.]" 15 U.S.C.A. § 1692a(6) (emphasis added). Plaintiffs do not allege that the principal purpose of FKF's business is the collection of debts—rather, they allege that FKF used the mails with the principal purpose of collecting a debt.

Even if—with the benefit of liberal construction—paragraph 16 of the complaint could be construed to correctly recite the requirements of the statute, plaintiffs' allegation consists of nothing more than a conclusory recital of the law; the complaint is devoid of any factual allegations about FKF's regular business activities plausibly suggesting that FKF is a debt collector under §

---

[4] "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

1692a(6). That is, plaintiffs do not allege any facts from which the Court could reasonably infer that, separate and apart for FKF's actions in this case, the *principal purpose of FKF's business* is the collection of debts. "The statute reaches an entity who is 'in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 481 (6th Cir. 2020) (quoting 15 U.S.C. § 1692a(6)). Beyond arguably attempting in conclusory fashion to recite the statutory requirement of the principal purpose of FKF's business, the complaint contains no well-pleaded factual allegations regarding FKF's "general legal practice, about the types of cases it typically handles, or about the types of clients it usually serves." *Id.* (citing *Thomas v. US Bank Nat'l Ass'n*, 675 F. App'x 892, 898 (11th Cir. 2017)). In order to state a plausible claim for relief, the well-pleaded facts in the complaint must be more than "merely consistent with a defendant's liability." *Id.* (citations omitted); *Finley v. Kondaur Capital Corp.*, 909 F. Supp. 2d 969, 981 (W.D. Tenn. 2012) (dismissing claim that law firm was a debt collector because plaintiff "does not allege any facts showing that [the law firm was] 'a business whose 'principal purpose' is debt collection[.]") (citation omitted); *Deplae v. Reg'l Acceptance Corp.*, No. 3:09-cv-227, 2010 WL 2270785, at *3 (E.D. Tenn. June 3, 2010) (merely tracking the language of the FDCPA in an attempt to show that the defendant is a debt collector is exactly what the Supreme Court warned of in *Iqbal*); *Twombly,* 550 U.S. at 555 (plaintiff's obligation to provide the grounds to his entitlement to relief requires more than labels and conclusions and "a formulaic recitation of the elements of a cause of action").

While the Court must accept "as true all non-conclusory allegations in the complaint," it is not required to accept unsupported legal conclusions such as plaintiffs' claim in paragraph 16 of

the complaint that FKF is a debt collector. *Delay v. Rosenthal Collins Grp. LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) ("we accept as true all non-conclusory allegations in the complaint and determine whether they state a plausible claim for relief") (citations omitted). Plaintiffs' conclusory claim that FKF is a debt collector under the statute is insufficient to state a plausible claim for relief under the FDCPA.[5] *See Deplae*, 2010 WL 2270785, at *3 (granting defendant's motion to dismiss plaintiff's FDCPA claim where plaintiff's conclusory statement in the amended complaint that "the Defendant (a 'debt collector') used instrumentality of interstate commerce and/or the mail for its purpose of collecting or attempting to collect debts allegedly owed by the Plaintiff and thus, acted as a 'debt collector[,]'" without any facts supporting that statement, was nothing more than an unsupported legal conclusion regarding defendant's status as a debt collector).

    **2. Plaintiffs fail to plausibly allege that FKF regularly engages in debt collection**

While plaintiffs do not plead in the complaint that FKF regularly engages in debt collection, they invite the Court to review the documents attached to the complaint regarding the alleged debt collection at issue in this case and argue that the Court may reasonably infer from those documents that FKF regularly engages in debt collection. Once again, the status of a debt collector does not depend upon what the entity does in a specific case, but upon "what the defendant generally does." *Bates*, 958 F.3d at 480–81. There are no well-pleaded facts in the complaint, or inferences from which the Court could reasonably draw from the documents attached thereto, that FKF "'collects

---

[5] To the extent that plaintiffs are alleging that the principal purpose of FKF's use of the mails *in this case* is debt collection, that allegation also fails to satisfy the statutory definition. "[T]he Act's general debt-collector definition ties a defendant's "debt collector" status not to what the defendant specifically did in a given case, but to what the defendant generally does." *Bates*, 958 F.3d at 480–81 (citing *Thompson v. Five Bros. Mortg. Co. Servs. & Securing, Inc.,* 800 F. App'x. 369, 371–72 (6th Cir. 2020); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 411 (6th Cir. 1998); *Henson v. Santander Consumer USA Inc.*, ––– U.S. ––––, 137 S. Ct. 1718, 1721–22, 198 L. Ed. 2d 177 (2017)).

debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of ... its general law practice.'" *Id.* at 481 (quoting *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999)).

It is true that "'even where debt collection takes up a minor portion of a law practice, 'debt collector' liability may lie where the defendant has an 'ongoing relationship' with a client whose activities substantially involve debt collection.'" *Mutschelknaus v. Zeglen*, No. 5:18-cv-562, 2018 WL 6248530, at *2 (N.D. Ohio Nov. 29, 2018) (quoting *Schroyer*, 197 F.3d at 1176). But there are no well-pleaded facts in the complaint, or inferences that can be drawn from the documents attached to the complaint that, even if FKF has an ongoing relationship with the Association, the Association is a client whose activities substantially involve debt collection.

### D. Plaintiffs do not plausibly allege an FDCPA claim

The threshold question as to FKF's liability for plaintiffs' FDCPA claim is whether defendant is a debt collector under the statute. For the reasons discussed above, there are no well-pleaded allegations in the complaint, or any inferences that can be reasonably drawn for the allegations in the complaint or the documents attached thereto, that plausibly allege FKF is a debt collector as defined by the statute.

While plaintiffs assert only one cause of action, they allege violations of the FDCPA under 15 U.S.C. §§ 1692e, 1692f, and 1692g. (*See* Doc. No. 1 ¶¶ 25–29, 44.) But each of those sections prohibit actions taken by a "debt collector." Because plaintiffs have failed to plausibly allege that FKF is a debt collector—a threshold issue for liability under the FDCPA—they have failed to plausibly allege an FDCPA claim against FKF. *See Montgomery*, 346 F.3d at 698 (liability under the FDCPA "can only attach to those who meet the statutory definition of a 'debt collector'"); *see*

*also Nelson v. Am. Power & Light*, No. 2:08-cv-549, 2010 WL 3219498, at *3 (S.D. Ohio Aug. 12, 2010) (FDCPA claims prohibiting conduct by a debt collector fail if defendant is not a debt collector within the meaning of the statute) (citing *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 105 (6th Cir. 1996) ("statutory liability is limited to debt collectors ....")). Accordingly, FKF's motion to dismiss is well-taken.[6]

### III. Conclusion

For all of the foregoing reasons, defendant's motion to dismiss is granted. This case is closed.

**IT IS SO ORDERED**.

Dated: July 15, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court has addressed the threshold issue of defendant's liability under the statute and determined that plaintiffs have not plausibly alleged that FKF is a debt collector, the Court need not address the issue of whether the sums allegedly at issue here constitute "consumer debt" under the FDCPA.